## MILLER et al. v. WHEELER & WILSON MANUF'G CO.

*(Circuit Court, E. D. Missouri, E. D. June 20, 1891.)*

FEDERAL COURTS—RESIDENCE OF CORPORATIONS.

    A corporation cannot be a resident, within the meaning of Act Cong. 1887, of a state other than that in which it was incorporated.

In Equity.
*Paul Bakewell,* for plaintiff.
*Silas B. Jones,* for defendant.

THAYER, J. Complainant, a citizen of Indiana, sues the defendant, a Connecticut corporation, for infringement of letters patent. The defendant maintains an office and agency in this district for the transaction of business, and service has been had according to state laws. On appearance day defendant obtained leave to enter a special appearance for

the purpose of moving to quash the service and contesting complainant's right to sue it in this district.

The question raised is not a new one in this circuit. Justice Brewer decided it in *Booth* v. *Engine, etc., Co.*, 40 Fed. Rep. 1. He held, in effect, that a corporation cannot be a resident, within the meaning of the judiciary act of 1887, of a state other than that in which it was incorporated. The same conclusion had prior thereto been reached after careful consideration by Judge Shiras in *Fales* v. *Railway Co.*, 32 Fed. Rep. 673. I understand the doctrine to be settled, for the present, at least, in this circuit, that a corporation can only be a resident and inhabitant of the state which creates it, and that it cannot change its residence or inhabitance by doing business or maintaining an office and agency in a foreign state, although it may be found there for the purpose of the service of process. And the same doctrine is adhered to in other circuits. *National Typographic Co.* v. *New York Typographic Co.*, 44 Fed. Rep. 711, and citations. See, also, *Myers* v. *Murray*, 43 Fed. Rep. 695; *Bensinger S. A. Cash Register Co.* v. *National Cash Register Co.*, 42 Fed. Rep. 81, and *Baughman* v. *Water-Works Co.*, 46 Fed. Rep. 4. I am aware that the question has been decided differently in other circuits, (*Riddle* v. *Railroad Co.*, 39 Fed. Rep. 290; *Zambrino* v. *Railroad Co.*, 38 Fed. Rep. 449; *Miller* v. *Mining Co.*, 45 Fed. Rep. 345;) but I must adhere to the rule that has thus far been followed in this circuit. Undoubtedly, the present case is one in which the defendant might, by a general appearance, have waived its right to be sued in Connecticut, but it has not done so.

Let the motion be sustained.